MADISON COUNTY BOARD OF EDUCATION *v.* GRANTHAM, et ux.

No. 43183 October 26, 1964 168 So. 2d 515

*Goza & Case,* Canton, for appellant.

*Sullivan, Sullivan & Keyes,* Jackson, for appellees.

BRADY, TOM P., J.

This suit was instituted in the Chancery Court of Madison County by the Madison County Board of Education, seeking a temporary injunction enjoining Mr. and Mrs. J. R. Grantham, appellees herein, from interfering with or otherwise obstructing the Madison County Board of Education, its agents and employees, in their duties of transporting qualified and eligible students to

the Ridgeland Elementary School at Ridgeland, Mississippi. After notice and hearing, a temporary writ of injunction was issued against Mr. and Mrs. J. R. Grantham as prayed for by the complainant below, appellant here, the Madison County Board of Education.

The appellees, Mr. and Mrs. J. R. Grantham, thereafter filed their answer and cross bill and a hearing was had in the Chancery Court of Madison County, in Yazoo City, Mississippi. The chancellor entered a decree dismissing the bill of complaint and dissolving the temporary injunction ordered by the court at the hearing formerly held on September 20, 1963. It further enjoined, permanently and perpetually, the Madison County Board of Education to provide transportation for the appellees' two children, as provided by law, to the Ridgeland Elementary School, and said Board of Education, appellant here, was further ordered to add the appellees' two children to the list of students eligible for transportation to the Ridgeland Elementary School.

From this adverse final decree dissolving the temporary injunction and enjoining the appellant to provide transportation for the appellees' two children and ordering the appellant to add the appellees' two children to the list of students eligible for transportation to the Ridgeland Elementary School, the appellant prayed for and perfected this appeal.

 █ There are two errors assigned, the first being that the chancery court erred in not requiring the appellees to join the State Board of Education as a necessary party so as to bind it by the decree to be rendered. We do not believe the first error assigned is of any benefit to the appellant. There is no reason for the State Board of Education not to respect a decree of this Court and there is no proof that unless it is made a party to this suit it will violate our decree interpreting the intention of the legislature with reference to whether these two children are eligible for transportation to

and from their home and school under the Transportation of Pupils Act of the Mississippi Code of 1942, Rec., Chap. 5, Art. 13, Sec. 6336-04, 08, and any other pertinent sections relating thereto. In determining the rights of the litigants in this cause, the State Board of Education is not a necessary party.

We consider next the second error assigned, namely, the lower court erred in granting a decree dissolving the temporary injunction in favor of the appellant, dismissing the appellant's original bill, and enjoining the appellant to provide school bus transportation for the appellees' children.

Appellant contends that appellees' children do not live a mile or more by the nearest traveled road from the school to which they are assigned. The appellees contend that they do. The appellant maintains that the points to be considered in determining the distance to be traveled to or from the school by the nearest traveled road is from the center point of the end of the appellees' driveway where it enters Wheatley Street in front of appellees' home, to the point at the school where the children are discharged. The appellees assert, however, that the distance to be measured is from a point in front of the door of the home where the children live, to the point where they are discharged from the school bus at the school. The question is somewhat reminiscent of the question which confounded medieval theologians of how many angels could dance on the point of a needle, and borders on the ridiculous.

Only two witnesses testified, and only one of these had measured the distances. The surveyor, Mr. Henderson, positively testified that, from the center of the driveway at appellees' home by way of usual travel to the loading and unloading point at the school entrance, the distance is 5,566.6 feet. This was the distance covered in transporting the children to the school. It appears that, when the distance from appellees' home to the

street of 145.1 feet is added thereto, the total distance traversed by foot and school bus by appellees' children in going to school is 5,711.6 feet, which is considerably more than 5,280 feet or a mile. Witness Henderson testified that in returning from the center of the driveway at the school to the center of appellees' driveway is a distance of 5,219.6 feet by the nearest traveled road. The reason that the morning route to the school was longer is because the bus had to enter the south driveway, which is further from the school, so as to discharge the pupils from the right side of the bus onto the breezeway. When the 145.1 feet, the distance from the center point of appellees' driveway to the door of appellees' home, to which appellees' children would have to walk in order to enter their home, is taken into consideration, the total distance traversed by foot and school bus from school door to home door is 5,364.6 feet, which also is more than 5,280 feet or a mile.

In answering the question do the children live less than or more than a mile from the school is provided in section 6336-04 of the Mississippi Code of 1942, Rec., we note that this section provides as follows: ''Only those pupils of legal school age and in actual attendance in the public schools who live a distance of one mile or more by the nearest traveled road from the school to which they are assigned, shall be entitled to transportation within the meaning of this act. . . .'' The answer to this question turns on whether the distance should be measured from the end of appellees' *driveway at his home* to the place where the children are discharged from the bus at the school door, or whether the distance should be measured *from the home* in which appellees' children live to the place where they are discharged from the bus at the school.

Section 6336-08, Miss. Code 1942, Rec., provides: ''All routes shall be laid out so as to place all pupils entitled to transportation within a reasonable distance of same,

and no child . . . shall be required to walk a greater distance than one mile to reach the vehicle of transportation in the morning, or to reach his home in the afternoon.''

██ ██ We agree with the learned chancellor of the court below that it appears from an interpretation of these two statutes that the legislature intended that no pupil should be required to walk more than one mile from his home to the school or to the school bus in the morning, or to walk more than one mile from the school bus to his home, or from the school to his home in the afternoon. In determining whether or not a pupil is entitled to transportation, the distance should be measured by the nearest traveled road from the point at the school where the pupils are unloaded from the bus in the morning, or are loaded into the bus in the afternoon, *to the home* of the pupil.

██ ██ The pupil lives in his home, and he must walk from that point to the school. Since this distance is more than a mile, the appellees' children *live* more than a mile from the school by the nearest traveled road and are entitled to transportation to and from the school. There are no Mississippi decisions on the point in issue, but decisions from other jurisdictions indicate other states concur in this interpretation.

While there are legions of us who in the past have walked several miles each day in going to and returning from school and thought nothing of it, and were benefited thereby, still today no public school child can be required to walk more than a mile and not violate the prohibitions of legislative will, the wisdom or folly of which yet remains to be seen.

It is the opinion of this Court that children of the appellees are entitled to be transported to and from school since they live more than one mile from the school

by the nearest traveled road. Therefore, the judgment of the lower court is hereby affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.